IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD RAY BARROW | § | |
|     TDCJ-CID #579954 | § | |
| v. | § | C.A. NO. C-06-372 |
| | § | |
| TDC CORRECTIONAL INDUSTRIES, | § | |
|     ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS ACTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claim that the McConnell Unit food trays pose a risk of serious of harm to his health and safety because they are not stain resistant and might harbor contamination in violation of his Eighth

Amendment right to be free from cruel and unusual punishment be dismissed for failure to state a claim and as frivolous. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on August 23, 2006, and named the following as defendants: (1) TDC Correctional Industries; (2) Manufacturers of Food Trays; and (3) Service Managers. A Spears[1] hearing was conducted on October 18, 2006. The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing.

On July 17, 2006, plaintiff tasted soap in his food because the food trays had not been wiped down properly. (D.E.1 at 5). He also relates that he submitted a sick call request that day because he was having more frequent bowel movements, but he attributed this to medicine he was taking, Konsyl -D, for constipation, not to the food trays. Id. The soapy taste problem is aggravated because the trays are stacked on top of one another, such that the contaminated bottoms rest on the eating surface of the tray beneath it. Plaintiff complains that between August 1, 2006 through August 18, 2006, his food trays at various meals were

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

"severely contaminated." He claims that the food trays, which he contends are manufactured by the TDCJ, are not stain-resistant and are poorly designed. Plaintiff filed grievances about the condition of the trays. The kitchen captain responded that what plaintiff is seeing on the bottom of the trays is due to the high mineral content of the water.

Plaintiff testified that he has not gotten sick from eating food off the trays, nor has he suffered any other adverse health consequences. He also testified that he did not know of any other inmate or staff member that had gotten ill from the food trays. He argues, however, that it is not a health issue, but more of a "concern" about their exposure to contamination.

Plaintiff seeks ".05 billion in monetary damages" for both staff and inmates, and one billion in exemplary damages. He also wants the Health Department to run tests on the food trays, and he requests that the Court order the U.S. Attorney and F.B.I. to investigate his claim. Finally, he asks that the current food trays be redesigned and made with a higher grade plastic and break bars on the bottom.

### III.  DISCUSSION

**A.     Legal Standard.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for

failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Eighth Amendment Claim.**

Over two decades ago, the Supreme Court concluded that the Eighth Amendment forbids confinement under conditions that can lead to painful and torturous disease with no penological purpose. Estelle v. Gamble, 429 U.S. 97, 102 (1976); Rhodes v. Chapman, 452 U.S. 337, 362 (1981). In Farmer v. Brennan, 511 U.S. 825, 832 (1994), the Court went on to note that, although the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. Id. at 832. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

To state an Eighth Amendment conditions of confinement violation, a prisoner must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to the prisoner's future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). This "risk must be of such a level that today's society would not tolerate it." Id. In order to prevail on

such conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." Id.; see also Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998). In order to successfully plead "deliberate indifference," the plaintiff must allege facts (and not conclusory allegations) which demonstrate that the defendants knew of but disregarded a substantial risk of serious harm to his health. Farmer, 511 U.S. at 837-38. Further, he must plead facts which establish that the defendants: (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed. Id.

  Here, plaintiff claims that the food trays are contaminated, but he has no evidence to support his conclusory allegations. His only "evidence" concerning the food trays is that his food tasted soapy on occasion, and he observed discoloration and a build-up of sediments on the bottoms of the trays. When the food tasty soapy, however, plaintiff testified that he did not suffer any ill effects. Regarding the appearance of the trays, the kitchen captain told him that the "contamination" he is observing is actually mineral deposit from the hard water and not harmful. Indeed, plaintiff testified that he did not know of any individual, staff or inmate, who had suffered any adverse health effect, as a result of the condition of the food trays. Plaintiff fails to establish that he was exposed to an excessive risk to his health or safety.

  Moreover, even if he could establish that the condition of the food trays themselves was sufficiently serious, he has not alleged that any defendant was aware of any risk to his

health and was nonetheless indifferent to his plight. In fact, plaintiff admits that he does not know if the food trays pose a risk to his health. As such, plaintiff cannot establish that any prison official was aware that the food trays posed a risk of serious harm to plaintiff's health or safety. It is respectfully recommended that plaintiff's Eighth Amendment Claim be dismissed for failure to state a claim and as frivolous. 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1).

**C.     Proper Parties.**

Plaintiff has sued TDC Correctional Industries, Manufacturers of Food Trays, and Service Managers. Plaintiff testified that the TDCJ manufactures the food trays. He believes this based on information stamped on the bottom of the trays.

To the extent plaintiff is suing the TDCJ for money damages, such claims are barred by the Eleventh Amendment. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) (TDCJ is immune from suit for money damages under the Eleventh Amendment). See also Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). Had plaintiff sued any individual defendants in their official capacities for money damages, such claims would also be barred. Oliver, 276 F.3d at 742.

To the extent plaintiff is attempting to sue non-TDCJ entities that might have manufactured the food trays or worked in the food service business, these entities are not "state actors" as that term is defined under § 1983, and as such, his claims against those entities are not properly maintained in this action. See Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (private entities are not state actors for purposes of § 1983 liability). See also

<u>Hernandez v. Maxwell</u>, 905 f.2d 94, 95 (5th Cir. 1990). Absent an allegation that he was harmed as a result of state action, his claims against any private entities fail to state a claim as a matter of law. 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1).

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that plaintiff's Eighth Amendment condition of confinement claim be dismissed for failure to state a claim and as frivolous. 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1). It is respectfully recommended further that his claim for monetary damages against any TDCJ entities be dismissed with prejudice as barred by the Eleventh Amendment. To the extent plaintiff is attempting to sue non-state actors for products liability or tort claims, it is respectfully recommended that those claims be dismissed without prejudice.

It is further recommended that, should the Court adopt this recommendation, the dismissal be characterized as one described by 28 U.S.C. § 1915(g), and that the Clerk be directed to provide

a copy of the order of dismissal to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

Respectfully submitted this 13th day of November, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).