IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD RAY BARROW      TDCJ-CID #579954 | § § | |
| v. | § § | C.A. NO. C-06-372 |
| TDC CORRECTIONAL INDUSTRIES,      ET AL. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Pending are plaintiff's (1) motion to instruct warden to return two food trays as evidence (D.E. 19), and his motion regarding physical evidence (D.E. 21). For the reasons stated herein, it is respectfully recommended that plaintiff's motions be denied.

## I. Background

Plaintiff Gerald Ray Barrow ("Barrow") is a Texas state prisoner proceeding *pro se* and *in forma pauperis*. He filed this lawsuit on August 23, 2006, complaining that the McConnell Unit food trays were not properly wiped down after being washed, causing the food to taste soapy, and also causing unsightly calcium build-up on the bottom of the trays. (D.E. 1). At an October 18, 2006, evidentiary hearing, Barrow testified that he had never gotten ill from eating food from the trays, nor had he heard of any other inmates being ill. However, he was concerned about the substance that had built-up on the bottom of the trays and whether it was harmful or potentially harmful, despite the fact that the Kitchen Captain told him it was calcium from the hard water. Barrow claimed that the trays were not stain resistant and poorly designed, and he sued (1)TDC Correctional Industries; (2) Manufacturers of Food Trays; and (3) Service Managers.

Following the evidentiary hearing, it was recommended that Barrow's lawsuit be dismissed for failure to state a constitutional violation and as frivolous. (D.E. 14). Barrow filed objections to the recommendation. (D.E. 16). The district court has not yet ruled on the recommendation.

## II. Injunctive Relief

Plaintiff's motions request injunctive relief, and will be treated as motions for preliminary injunctions. In order to obtain a preliminary injunction, plaintiff must demonstrate that: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. Justin Indus. v. Choctaw Sec., L.P., 920 F.2d 262, 268 n. 7 (5th Cir. 1990). A preliminary injunction is an extraordinary remedy; it should be granted only if the plaintiff clearly carries the burden of persuasion as to all four factors. Mississippi Power & Light v. United Gas Pipe Line, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff moves that the Court order the McConnell Unit Warden to return two food trays that plaintiff previously "took into evidence" for purposes of this lawsuit and that he was evidently storing as "legal property" in his cell. (D.E. 19, 21). Plaintiff claims that both these trays were "harboring contamination," and that he needed them as evidence for his trial. Id.

An examination of the factors plaintiff must establish before he is entitled to a preliminary injunction reveals plaintiff cannot carry his burden on any one of the four factors. For the reasons discussed in the memorandum and recommendation to dismiss (D.E. 14), plaintiff cannot demonstrate a likelihood of success on the merits of his claim. Second, plaintiff cannot demonstrate irreparable harm. If the District Court does not adopt the recommendation to dismiss, there are

hundreds, even thousands of food trays which can be examined at a later date for contamination. On the third and fourth factors, the harm to defendant in the form of a disruption of prison operations far outweighs plaintiff's need for trays as evidence, and the possession of a food tray by an inmate might pose a threat to security and prison operations, which would disserve the public interest.

## **Recommedation**

Based upon the foregoing it is respectfully recommended that plaintiff's motions for injunctive relief (D.E. 19, 21) be denied.

Respectfully submitted this 6th day of February, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).